UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RITCHIE GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-cv-2163 |
| | ) |
| | ) Honorable Judge Colin Sterling Bruce |
| v. | ) |
| | ) |
| ILLINOIS AMERICAN WATER | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, RITCHIE GLENN, by his attorneys LAD LAW GROUP, P.C, and for his Motion for Leave to File First Amended Complaint, *Instanter*, states as follows:

## PARTIES AND JURISDICTION

1. On June 20, 2019, Plaintiff filed his Complaint alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 USC § 2000, et seq. [Dkt 1]

2. On August 23, 2019[1], Defendant filed a Motion to Dismiss Plaintiff's Complaint, alleging that Plaintiff the claims therein were untimely, and that Plaintiff failed to file his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last adverse action he complained of, his January 2017 termination. [Dkt. 2-3]

---

[1] The Court entered a briefing schedule on Defendant's Motion, requiring Plaintiff's response to be filed by September 6, 2019. Plaintiff's counsel reached out to Defendant's counsel and asked if Defendant would object to Plaintiff's request for a 30 day extension, as Plaintiff's counsel had due to several other filings that were due at, or around the same time as Plaintiff's response in this case. Plaintiff's counsel was also still investigating the matter, as she had reached out to the EEOC to request the file on Complainant's Charge attached to his Complaint, but had not yet received the file. (See Exhibit A)

Defendant's counsel responded that Defendant would only agree to a 14-day extension. While Plaintiff's counsel made every effort to respond within those 14 days, it became impractical due to due to the several other filings that were due at, or around the same time as this response, as well as Plaintiff's counsel experiencing a debilitating illness, on several days during the pendency of the response.

3. Plaintiff contends that amended his "Second Charge of discrimination" (as referenced in Defendant's Motion to Dismiss), originally filed with the Illinois Department of Human Rights in October 2016, to include his January 2017 termination, when the Second Charge was amended in February 2017.

4. However, the face of the amended Second Charge reads that it was a "Technical Amendment-Due to Administrative Error." [Dkt.3-1]

5. Plaintiff, through counsel, requested a copy of his file from the EEOC in hopes to substantiate Plaintiff's contention, but has not yet received the file. (See Exhibit A, July 20, 2019 File Request to EEOC, attached hereto).

6. In response to Defendant's Motion to Dismiss, Plaintiff would argue that he did request an amendment in or around February 2017, to include his January 2017 termination, and would speculate that the request was documented, and reflected in the file.

7. However, it would be impractical for Plaintiff to proceed with this argument, in absence of the file to support his contention, as documentation of his request would be needed to survive Defendant's Motion to Dismiss. See *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 n.2 (7th Cir. 2000) (The Court may not consider claims "orally communicated to the agency, but omitted through the latter's fault.") See also *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 502. (7th Cir. 1994) (additional documents "may be considered when it is clear that the charging party intended the agency to investigate the allegations.").

8. Given that Plaintiff is presently without the requisite documentation, Plaintiff wishes to continue pursuit of his claims in his complaint, by amending the statue in which he seeks to pursue his race discrimination and retaliation claims, from Title VII, 42 USC § 2000. et seq., to 42 USC § 1981.

9. The amendment would not prejudice Defendant, as Defendant has always been aware that Plaintiff made claims that the adverse actions that occurred from September 2016-January 2017, were discriminatory on the basis of his race, and in retaliation for his complaints of race discrimination.

10. In addition, the changing of the statue would not prejudice Defendant in preparing its defense, as Section 1981 discrimination claims are analyzed in the same manner as claims brought pursuant to Title VII of the Civil Rights Act[2]. *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010).

11. The amendment of Plaintiff's claims under Section 1981 would cure the defects alleged in Defendant's Motion to Dismiss [Dkts. 2-3], as Plaintiff alleges conduct beginning in September 2016, and culminating in January 2017. The Supreme Court in *Jones v. R.R. Donnelley*, 541 U.S. 369 (2004) held that a four year statute of limitations applied to any Section 1981 claims that were made possible by a post-1990 enactment.

12. Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit, B, and makes the following changes from Plaintiff's original complaint:

    a. Changes Paragraph 5, to state the cause of action is for damages for race discrimination and retaliation in violation of 42 U.S.C. § 1981 et seq., as opposed to Title VII;

    b. Changes Paragraph 8(e) to amend Plaintiff's termination year from 2018[3], to 2017;

---

[2] Section 1981 also authorizes retaliation claims. Humphries v. CBOCS West, Inc., 474 F.3d 387 (7th Cir. 2007) upheld by CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951, 1961 (U.S. 2008).

    c. Amends Paragraph 16 to include other relevant protected activity Plaintiff engaged in in support of his retaliation claims ,listing dates Plaintiff filed filed charges of discrimination with the EEOC and or the IDHR;

    d. Removes Paragraphs 17-18 regarding the issuance and receipt of Plaintiff's right to sue letter.

    e. Changes Title of Count I from Title VII to 42 USC § 1981

    f. Changes the "Wherefore clause" in Count II, seeking determination of violation 42 USC § 1981, instead of Title VII

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant him leave to file his First Amended Complaint, *Instanter,* and for any other relief the Court deem just and fair.

                                                     Respectfully submitted,

                                                     By: /s/ Jemelle D. Cunningham
                                                            Plaintiff's Attorney

Jemelle D. Cunningham
LAD LAW GROUP, P.C.
161 N. Clark St. Suite 1600
Chicago, Illinois 60601
P: (312) 252-3085
F: (312) 252-3086
j.cunningham@ladlawgroup.com



# EXHIBIT A

Jemelle D. Cunningham <j.cunningham@ladlawgroup.com>

---

**File Request**
1 message

---

**Jemelle D. Cunningham** <j.cunningham@ladlawgroup.com>       Thu, Jun 20, 2019 at 5:00 PM
To: sylvia.bustos@eeoc.gov

Good evening Ms. Bustos,

I would like to request the EEOC file for Charge No. 21B201801039. I filed the attached Complaint on behalf of Complainant/Plaintiff Ritchie Glenn, in the United States District Court for the Central District of Illinois on today.

Please let me know if you have any questions or concerns.

Thank you,

Jemelle D. Cunningham, Esq.
LAD LAW GROUP, P.C.
161 N. Clark St. Suite 1600
Chicago, IL 60601
P: 312-252-3085
F: 312-252-3086

www.ladlawgroup.com

This electronic message transmission contains confidential information of Lad Law Group, P.C., and may be attorney client privileged and attorney work product. The information is intended solely for the use of the individuals or entities named above. If you are not named above as an intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you receive this electronic transmission in error, please notify me by telephone immediately.

---

 **Complaint.pdf**
882K

# EXHIBIT B

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| RITCHIE GLENN,                          ) | |
|                                                             ) | |
|           Plaintiff,                            ) | |
|                                                             ) | Case No. 19-cv-2163 |
|                                                             ) | |
|                                                             ) | Honorable Judge Colin Sterling Bruce |
| v.                                                       ) | |
|                                                             ) | <u>Plaintiff Demands Trial by Jury</u> |
| ILLINOIS AMERICAN WATER   ) | |
|                                                             ) | |
|           Defendant.                       ) | |

## <u>FIRST AMENDED COMPLAINT</u>

NOW COMES Plaintiff, RITCHIE GLENN, by his attorneys LAD LAW GROUP, P.C, and complains as follows against Defendant ILLINOIS AMERICAN WATER:

## <u>PARTIES AND JURISDICTION</u>

1. Plaintiff, RITCHIE GLENN is a citizen of the United States of America, and a citizen and resident of Urban, County of Champaign, Illinois.

2. Defendant ILLINOIS AMERICAN WATER is a corporation, organized under the laws of the state of Illinois, with offices located in, and doing business in various counties, including Urbana, County of Champaign, Illinois.

3. At all relevant times, Plaintiff was an employee of ILLINOIS AMERICAN WATER as that term is defined in 42 U.S.C. § 12111(4).

4. At all relevant times, ILLINOIS AMERICAN WATER was an employer as defined in 42 U.S.C. § 12111(5)(A).

5. This is an action for damages for violation of 42 U.S.C. § 1981, et seq., and for Retaliation for engaging in protected activity.

1

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §1331 and §1343.

## FACTS

7. Plaintiff is African-American.

8. Plaintiff began working Defendant in August of 2006 as a Distribution Technician.

9. While working for Defendant, and prior to Defendant's discriminatory and retaliatory conduct, Plaintiff performed his job duties satisfactorily. He was promoted multiple times in his career.

10. Plaintiff's last position with Defendant was Operation Supervisor, which he promoted to in approximately 2010.

11. In June 2016, Plaintiff filed a Charge of Discrimination for race discrimination, with the Illinois Department of Human Rights, Charge No. 2016SA3164.

12. Beginning in September of 2016, Defendant discriminated against Plaintiff in one or more of the following ways:

    a. In September of 2016, excluded Plaintiff from media coverage training, causing him to loose opportunities in advancement of his career;

    b. In September of 2016, denied Plaintiff an opportunity to volunteer for a work related to event, causing him to loose opportunities in advancement of his career;

    c. In December of 2016, denied Plaintiff an opportunity to transfer into the position of Distribution Technician, and awarded the position to a less qualified, non-African-American employee, who had not previously engaged in protected

      activity;

    d. In late 2016, denied Plaintiff his annual bonus;

    e. On January 17, 2017, terminated Plaintiff;

    f. In January 2017, failed to offer Plaintiff severance benefits, contrary to its customary and usual practice

13. Similarly-situated non-African-American employees were treated in a more favorable manner, as they were not subject to the treatment outlined in Paragraph 12.

14. Employees who had not engaged in protected activity were treated in a more favorable manner, as they were not subject to the treatment outlined in Paragraph 12.

15. As a result of Defendant's conduct, Plaintiff suffered from lost wages, emotional distress damages, and attorney's fees.

16. Plaintiff engaged in protected activity by filing a Charge of Discrimination with the Illinois Department of Human Rights and/or the Equal Employment Opportunity Center on June 16, 2016, October 2016[1], and in May of 2018.

## COUNT I
## 42 U.S.C. § 1981, et seq
## RACE DISCRIMINATION

17. Plaintiff repeats and realleges Paragraphs 1-16, as though fully set forth herein, as Paragraphs 1-16 of Count I of this Complaint.

18. Plaintiff is African-American.

19. Prior to Defendant's discriminatory and retaliatory conduct, Plaintiff performed his job duties satisfactorily. He was promoted while working for Defendant.

20. Defendant discriminated against Plaintiff as set forth herein this Complaint.

---

[1] Charge amended in February 2017

21. Similarly-situated, non-African-American employees were treated more favorably than Plaintiff, in that they were not subjected to the same discriminatory treatment as Plaintiff.

22. As a result of Defendant's conduct, Plaintiff suffered loss wages, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant engaged in discriminatory conduct against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

    A. That this Honorable Court find that Defendant discriminated against Plaintiff on the basis of his Race;

    B. That this Honorable Court award Plaintiff money reasonably calculated to compensate his lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

    C. That this Honorable Court award pre-judgment interest and costs;

    D. That this Honorable Court award reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

    E. That this Honorable Court award such other and further relief as it may deem just and equitable.

## COUNT II
## RETALIATION

23. Plaintiff repeats and realleges Paragraphs 1-22, as though fully set forth herein, as Paragraphs 1- 22 of Count II of this Complaint.

24. Plaintiff engaged in the protected activity of opposing unlawful discrimination, as set forth in this Complaint. Specifically, he complained of discrimination based on his race, and of retaliation for engaging in protected activity.

25. Shortly after the complaints, Defendant took adverse action against Plaintiff as described herein, to punish Plaintiff, to prevent him from complaining of protected activity.

26. A causal connection exists, as the timing of the adverse actions in relation to Plaintiff's complaints is suspicions, and the proffered reasons for the adverse action taken against Plaintiff are false and pretextual.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find that Defendant retaliated against Plaintiff, and enter a judgment in favor of Plaintiff, making the following findings and granting the following relief:

A. That this Honorable Court find that Defendant violated Plaintiff's rights under 42 USC § 1981, et seq, by retaliating against Plaintiff;

B. That this Honorable Court award Plaintiff money reasonably calculated to compensate her lost wages, and for all monetary damages sustained as a result of the discrimination by Defendant;

C. That this Honorable Court award pre-judgment interest and costs;

D. That this Honorable Court award reasonable attorney's fees and costs; and

E. That this Honorable Court award such other and further relief as it may deem just and equitable.

Respectfully submitted,

By: /s/ Jemelle D. Cunningham
Plaintiff's Attorney

Jemelle D. Cunningham
LAD LAW GROUP, P.C.
161 N. Clark St. Suite 1600
Chicago, Illinois 60601
P: (312) 252-3085
F: (312) 252-3086
j.cunningham@ladlawgroup.com