## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RITCHIE GLENN, | ) |
| Plaintiff, | ) ) ) ) Case No. 19-cv-2163 ) ) Honorable Judge Colin Sterling Bruce |
| v. | ) ) |
| ILLINOIS AMERICAN WATER | ) ) |
| Defendant. | ) |

### MOTION FOR LEAVE TO MAKE OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, *INSTANTER*

NOW COMES Plaintiff, RITCHIE GLENN, by his attorneys LAD LAW GROUP, P.C, and for his Motion for Leave to Make Objections to Defendant's First Set of Interrogatories to Plaintiff, *Instanter*, states as follows:

1. On December 12, 2019, this Court entered a scheduling order using dates contemplated, and agreed upon by counsel in November of 2020. [dkts. 10, 11]

2. As part of that schedule, the Court set initial disclosure to be due by January 13, 2020, and discovery to close by October 15, 2020. [dkt. 11]

3. In accordance with that schedule, Defendant issued its discovery requests to Plaintiff on January 15, 2020. Plaintiff's response was to be due on February 14, 2020.

4. Plaintiff tendered his Verified Answers and Objections to Defendant's Interrogatories on July 20, 2020.

5. Plaintiff's delay was for reasons of "good cause", which include the following:

    a. At or around the time Plaintiff's discovery requests was due, Plaintiff's counsel began battling a serious medical condition, and the treatment caused a limited,

and sometimes inability to work, due to debilitating side effects of the treatment, which concluded in July 2020.

b. In March of 2020 Plaintiff was delayed in responding to his counsel due to Plaintiff's daughter going into labor and giving birth.

c. In April of of 2020, Plaintiff's counsel's ability to obtain files and complete work was limited due to the City of Chicago's stay at home orders related to the Covid-19 pandemic, and Plaintiff's counsel's office buildings' limited availability.

d. Plaintiff's counsel was still operating based on her office building's leasor providing services such as mail forwarding, call forwarding, and file transfers. However, since the building served such a large population, and the duties were not carried out in a timely manner.

e. Consequently, Plaintiff's counsel did not receive calls, mail, and files timely, and sometimes not at all. This caused an extreme delay in the pursuit in Plaintiff's counsel's entire case load.

f. In addition, during this time, the two staff members who worked for Plaintiff's counsel departed, resulting in Plaintiff's counsel having to hand all aspects of firm's entire caseload, from returning all of the firm's calls, appearing for Zoom/conference calls, participating in administrative agency proceedings, to answering pleadings, and all discovery matters.

g. All of these tasks are still being performed remotely, as Plaintiff's counsel's office building still advises its tenants to limit in person working, given the still rising numbers of COVID-19 in the Chicagoland area, as well as other matters

      (protests, rioting, etc.) that have caused travel into the downtown area where Plaintiff's counsel's office is located, to be restricted on several occasions.

    h. Plaintiff's counsel still handles all of these tasks remotely, with the exception of physically retrieving mail one to two times per week.

6. Plaintiff recognizes that the objections in his tendered answers and objections to Defendant's First Set of Interrogatories to Plaintiff are beyond the 30 day window provided for in FRCP 33 and 34.

7. Plaintiff requests the Court grant him leave to tender those objections outside of the 30-day window, for good cause, as set forth in Paragraph 5 of this motion.

8. The matters set forth in Paragraph 5 were not contemplated during the parties November 2019 case planning conference, were outside of Plaintiff's control.

9. Discovery in this matter is still open, and there is ample to resolve any objections prior to the closure of discovery.

WHEREFORE, Plaintiff respectfully requests the Court grant his Motion for Leave to Make Objections to Defendant's First Set of Interrogatories to Plaintiff, *Instanter*, and for any other relief the Court deem just and fair.

                                          Respectfully submitted,

                                        By: /s/ *Jemelle D. Cunningham*
                                               Plaintiff's Attorney

Jemelle D. Cunningham
LAD LAW GROUP, P.C.
161 N. Clark St. Suite 1600
Chicago, Illinois 60601
P: (312) 252-3085
F: (312) 252-3086
j.cunningham@ladlawgroup.com